996 So.2d 629 (2008)
Kim McALEB & William McAleb
v.
James McFARLAND, Cathie McFarland, Jason McFarland, State Farm Insurance Company and the Audubon Trace Condominium Owner's Association, Inc.
No. 08-CA-377.
Court of Appeal of Louisiana, Fifth Circuit.
October 14, 2008.
David J. Halpern, Michael W. Tifft, Attorneys at Law, Metairie, LA, for Plaintiffs/Appellants.
Thomas G. Buck, John C. Henry, Brett W. Tweedel, David B. Parnell, Jr., Attorneys *630 at Law, Metairie, LA, for Defendant/Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, Jr., GREG G. GUIDRY, and MADELINE JASMINE, Pro tempore.
GREG G. GUIDRY, Judge.
Plaintiffs, Kim and William McAleb, appeal from the summary judgment rendered in favor of Defendant, The Audubon Trace Condominium Association, Inc., dismissing the Plaintiffs' claims against the Association. For the reasons which follow, we affirm.
On July 13, 2006, Plaintiffs filed the instant action against Defendants, James, Cathie and Jason McFarland (the McFarlands), their insurer, State Farm Insurance Company, and Audubon Trace Condominium Association, Inc. (the Association), after their first floor condominium was severely damaged by water leaking from the condominium above them. The petition alleges that the McFarlands lived in the condominium directly above the Plaintiffs. On September 27, 2005, a defective hot water heater in the McFarlands' condominium leaked water down into the Plaintiffs' condominium. Plaintiffs alleged that the McFarlands and the Association had prior knowledge of defects in the condominium unit water heaters and with the McFarlands' water heater particularly. There had been two prior leaks from the McFarlands' condominium into the Plaintiffs' condominium and on both occasions the McFarlands had acknowledged the leaks and paid for the repairs. Plaintiffs further alleged that under the Restatement of the Declaration of Condominium Ownership of Audubon Trace Condominium, the ceilings, floors and perimeter walls of their unit are considered to be "common elements" of the property and, therefore, the Association is responsible for insuring and repairing or replacing them. Pursuant to Article 12 of the Restatement of the Declaration of Condominium Ownership of Audubon Trace Condominium, each unit owner is obligated to maintain their unit and its appliances and is responsible for damages to other unit owner's property caused by their neglect. The Association is charged with enforcing that obligation. Thus, Plaintiffs claimed that the Association bears responsibility for some if not all of the damage occasioned to their condominium by the leaking water heater of the unit above them.
On October 26, 2007, the Association filed a Motion for Summary Judgment alleging that the undisputed facts show that there is no legal basis by which the Association can be found liable to Plaintiffs for the damages they suffered as a result of the McFarlands' leaking water heater. First the Association argues that they do not own, control or have a duty to maintain the water heaters in individual units. The Association's responsibilities are limited to the care, custody and maintenance of the common areas as defined in the Declaration of Condominium Ownership. The Association further contends that there is no factual basis for Plaintiffs' assertion that the Association knew of prior water heater problems in the McFarland's unit. The Plaintiffs' depositions indicate that the only prior water leak from the upstairs unit into theirs was caused by an improperly set toilet. While it is true that the Association disseminated fliers to unit owners warning of problems with water heaters and providing maintenance tips, this was informational only and did not create a duty or responsibility for the care and maintenance of each unit's water heater. Further, the Declaration for Condominium Ownership and the Restatement of the Declaration define common elements *631 and units, and set out the maintenance and decorating responsibilities of the unit owner, clearly indicating that the Association has no responsibility for repairing the interior of an individual unit damaged by the negligence of another unit owner.
Following a hearing on December 3, 2007, the trial court agreed with the Association and granted summary judgment in its favor, dismissing Plaintiffs' claims against the Association. It is from this ruling that Plaintiffs appeal.
On appeal Plaintiffs argue that the trial court judgment in favor of the Association should be reversed. Plaintiffs argue that the trial court did not address Plaintiffs' assertion that the Association was responsible for the repair of the "common elements" of their unit, including the ceiling, floors and perimeter walls of their unit. Further, Plaintiffs argue that the Association had a duty to act regarding known water heater problems, upon the default of unit owners.
The Association argues to the contrary that the Declaration of Condominium Ownership and the Restatement of the Declaration make clear that the Association has no responsibility or liability for the repairs to the interior of the individual units necessitated by the negligence of another unit owner. The Association also refutes Plaintiffs' second theory of recovery, noting that there was no evidence that the Association knew of any water heater problems in the McFarlands' unit and no duty is imposed on the Association to maintain water heaters in the individual units.
Several clauses in the Declaration of Condominium Ownership and the Restatement of the Declaration bear on the issues raised in this case. Section 1(e) of both documents defines "Common Elements" as follows:
"Common Elements" shall mean the portion of the condominium property not a part of the individual Units, and shall include, but shall not be limited to, the Land, foundations, hallways, stairways, entrances and exits, common parking area, storage areas, basement, roof, incinerator, pipes, ducts, electrical wiring and conduits (except pipes, ducts, electrical wiring and conduits situated entirely within a Unit and serving only said Unit), public utility lines, floors, ceilings and perimeter walls of Units (other than such portions thereof included within Unit boundaries as shown on the Plat), structural components of the Building, outside walks and driveways, landscaping, and all other portions of the Property except the individual Units. Structural components located within the boundaries of a Unit shall be part of the Common Elements. (Emphasis added.)
Section 1(n) defines "Unit" in the documents as follows:

"Unit" shall mean a part of the Property, including one or more rooms and occupying one or more floors or part or parts thereof, designated or intended for individual ownership and use as a singular Unit of space for residential purposes, all of which units and their respective locations and dimensions are shown on the Plat annexed hereto as Exhibit "B-9", along with the "Limited Common Elements". Each Unit shall consist of the space enclosed and bounded by the horizontal and vertical planes constituting the boundaries of such Unit as shown on the Plat; provided, however that no foundations, main walls, roofs or other principal structural parts of a Unit, and no pipes, wires, conduits, ducts, flues, shafts, or public utility lines situated within a Unit and forming part of any system serving one or more Units or the Common Elements shall be *632 deemed to be part of said Unit. (Emphasis added.)
Section 12 of the documents provides maintenance, repair and replacement responsibility, in pertinent part, as follows:

Each Unit Owner shall furnish and be responsible for, at his own expense, all of the maintenance, repairs and replacements within his own Unit. Maintenance, repairs and replacements of the Common Elements and Limited Common Elements shall be furnished by the Board as part of the Common Expenses, subject to the rules and regulations of the Board.
* * *

Whenever the Board shall determine, in its discretion, that any maintenance or repair of any Unit is necessary to protect the Common Elements or any other portion of the Building, the Board may cause a written notice of the necessity for such maintenance or repair to be served upon such Unit Owner.... If such Unit Owner fails or refuses to perform any such maintenance or repair within a reasonable time stated in the notice ... the Board may cause such maintenance and repair to be performed at the expense of such Unit Owner.

If, due to the act or neglect of a Unit Owner ... damage shall be caused to the Common Elements or to a Unit or Units owned by others, ... then such Unit Owner shall be liable to pay for such damage and such maintenance, repairs and replacements....

The Board shall have exclusive authority to take, or refrain from taking, any action pursuant to this Section 12.... (Emphasis added.)
Both parties agree that appellate courts review the grant or denial of a motion for summary judgment de novo, using the same criteria applied by the trial courts. Independent Fire Ins., Co. v. Sunbeam Corp., 99-2181, p. 7 (La.2/29/00), 755 So.2d 226, 230. A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to a material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B).
Plaintiffs argue that the trial court erred in granting summary judgment because it failed to consider that the Association was responsible for some of the repairs to Plaintiffs' unit, including the floors, ceilings and perimeter walls of the Unit, which they argue are "Common Elements" as specified by the Declaration of Condominium Ownership and the Restatement of the Declaration.
Considering the clear wording in the documents, we find that neither the Declaration of Condominium Ownership nor the Restatement of the Declaration impose liability on the Association for the flooring, ceiling or interior wallboard within a Unit. Section 1(n) clearly provides that a "`Unit' shall consist of the space enclosed and bounded by the horizontal and vertical planes constituting the boundaries of such Unit," excluding common elements like pipes, wires, conduits, ducts, flues, shafts, or public utility lines situated within a Unit but forming part of a system serving more than one Unit or the Common Elements. Consistent with the definition of a "Unit" to include everything enclosed and bounded by the boundaries of the Unit, "Common Elements" is defined in the documents as that "portion of the condominium property not a part of the individual Units," with a listing of jointly used areas like hallways, parking areas, and the roofs and "floors, ceilings and *633 perimeter walls of Units (other than such portions thereof included within Unit boundaries as shown on the Plat)."
We find these provisions to be clear and unambiguous and, as such, should be applied as written. In doing so, we conclude that these two correlative provisions negate Plaintiffs' argument that the ceilings, floors and interior portions of the perimeter walls, within their unit, are common elements for which the Association is responsible. This conclusion is reinforced when we also consider Section 12 of the documents which expressly provides that maintenance, repairs and replacements "within his own Unit" are the unit owner's responsibility.
The error in Plaintiffs' argument is in the omission of the parenthetical, "other than such portions thereof included within Unit boundaries," following the inclusion of "floors, ceilings and perimeter walls" as Common Elements. The boundaries are described as the "horizontal and vertical planes" which enclose and bound a Unit. Therefore, floors, ceilings and perimeter walls are only considered common elements insofar as they are not included within Unit boundaries. The damaged areas of Plaintiffs' Unit are within the boundaries, designated and intended for ownership and use of the unit owner, and expressly not the responsibility of the Association as Common Elements.[1] Accordingly, we find that Plaintiffs' argument that the Association is liable for the repair or replacement of floors, ceilings and the interior of the perimeter walls of Plaintiffs' Unit because they are Common Elements has no merit.
Plaintiffs' other argument on appeal attempts to cast liability on the Association for the damages Plaintiffs endured because the Association had knowledge of "defective hot water heaters throughout the development" and assumed duties to intervene and address maintenance issues upon the default of a unit owner.
The Association argues to the contrary that the Plaintiffs have not made any factual showing that the Association had knowledge of a problem with the McFarland's water heater. Additionally, Plaintiffs failed to show that any water heaters were defective. Rather, Plaintiffs rely on the Association manager's statement that he had been told about other water heaters in the complex that had leaked and the Association's statement in its memoranda that most of the water heaters in the condominiums have been replaced by their owners over the past 23 years. These two acknowledgements do not give rise to actionable duty. Further, the Association argues that Section 12 of the Declaration and Restatement of the Declaration of the Condominium Owners only provides the Association with the right to take action and not the duty.
Review of the record indicates that the Plaintiffs have not provided any facts indicating that the Association had specific knowledge of a problem with the McFarland's water heater and, absent that knowledge, any duty to inspect it or mandate repair or replacement of the water heater in that unit. Knowledge that in 23 years most water heaters have been replaced in the units does not give rise to factual knowledge about the condition of this particular water heater or of a defective condition in the water heaters at the complex, generally. Further, even if we were to interpret Section 12, as argued by Plaintiffs, as creating a duty in the Association, *634 there can be no duty to ensure a unit owner makes necessary repairs if there is no knowledge that such repairs are necessary. Moreover, we do not find Section 12 of the Declaration creates a duty in the Association. Section 12 expressly makes intervention discretionary providing "[t]he Board shall have exclusive authority to take, or refrain from taking, any action pursuant to this Section 12."
We also find no merit in the argument that the Association's dissemination of fliers advising unit owners to check and maintain their water heaters created a duty in the Association or responsibility for the condition of the water heaters. The fliers in the record indicate that the Association warned or advised the unit owners of a myriad of safety precautions, both inside and outside of the complex. The Association disseminated information about maintaining water heaters, as well as, leaving front porch lights on for safety and cautionary measures in mall parking lots at Christmas time. Helpful advisories do not give rise to the imposition of a duty absent some contractual provision between the parties creating it. Therefore, finding no duty or liability in the Association to repair or replace any part of the Plaintiffs' damaged property, and no material facts at issue, we find summary judgment in favor of the Association was properly granted.
Accordingly, for the reasons set out above, we affirm the decision of the trial court granting summary judgment in favor of the Audubon Trace Condominium Association, Inc., and dismissing Plaintiffs' claims against it.
AFFIRMED.
NOTES
[1] This finding is based on the facts as presented, with the damage caused by another unit owner. The result might be different if the damage to the interior of a unit was caused by the Association or work on Common Elements.